UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. RICHARDSON,<br>Booking #19731938,<br><br>          Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S OFFICE;<br>GEORGE BAILEY DETENTION;<br>A. APEZ, Deputy/Corrections (SDSO);<br>OFFICER H., Deputy/Corrections (SDSO); CREW SHIFT,<br>Deputy/Corrections (SDSO),<br><br>         Defendants. | Case No.: 3:20-cv-02435-DMS-JLB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

  Plaintiff Daniel D. Richardson, detained at the County of San Diego Sheriff Department's George F. Bailey Detention Facility ("GBDF"), and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. While short on specifics, Richardson names the County Sheriff's Office, GBDF, two Sheriff's Department deputies, and an entire "Crew Shift" as parties, and contends they committed acts of racial discrimination and medical malpractice. *Id.* at 2–5. He seeks injunctive relief related to his pending criminal case, as well as $53,000 in both general and punitive damages. *Id.* at 7.

Richardson did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Richardson has submitted a copy of his San Diego Sheriff's Department Inmate Account Activity dated June 1, 2020, through December 7, 2020. *See* ECF No. 2 at 7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows Richardson has carried an average monthly balance of $11.98, and had average monthly deposits of $21.66 to his account over this 6-month period. But he also had only a $.19 available balance on the books at the time of filing. *See* ECF No. 2 at 7.

Based on this accounting, the Court **GRANTS** Richardson's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $4.33 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Richardson's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the San Diego County Sheriff's Department, or any agency having subsequent custody of Richardson, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     <u>Standard of Review</u>

Because Richardson is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or

any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Factual Allegations</u>

On August 18, 2020, while he was secured in one of four dormitories in a GBDF housing module, Richardson claims a group of fifteen or twenty Hispanic inmates accessed his dorm via a control tower manned by unnamed San Diego Sheriff Deputies

during a shift change. *See* Compl. at 3. Richardson claims one of the inmates asked an unidentified Deputy over the intercom to "pop the door" so a worker could enter. *Id.* When the Deputy remotely unlocked the gate, a group of Hispanic inmates entered, dispersed, outnumbered the Black inmates "two to one," and commenced an attack that "lasted for over several minutes and led to multiple injuries." *Id.* at 4. Richardson describes the response time as "unusually long" and claims that when Deputies dispersed the group they used what "appeared to [him] as excessive force to subdue or separate injured inmates from their attackers." *Id.* Richardson further alleges he and several other Black inmates requested medical attention but were denied, and he claims to now suffer migraines, back and neck pain, and PTSD as a result of the incident. *Id.* at 4.

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Group Defendants and Entities

As a preliminary matter, the Court finds that to the extent Richardson names the "San Diego Sheriff's Office," "George Bailey Detention," and a "Crew Shift" as Defendants, *see* Compl. at 1, 2, he fails to allege a plausible claim for relief against any of them. *See* Compl. at 1, 2. None of these purported parties are "persons acting under color of state law," and therefore, none may be held liable under § 1983. *See Tsao*, 698 F.3d at 1138.

Local jails, detention facilities, departments, or sub-divisions of municipalities are not proper defendants under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation

1  omitted); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section
2  1983 imposes liability on any 'person' who violates someone's constitutional rights
3  'under color of law.' Cook County Jail is not a 'person.'").
4        And while the County of San Diego itself may be considered a "person" and,
5  therefore, a proper defendant under § 1983, *see Monell v. Dept. of Social Servs.*, 436 U.S.
6  658, 691 (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988),
7  Richardson has not named the County as a Defendant. Moreover, to the extent
8  Richardson intends to assert a claim against the County of San Diego itself, his
9  allegations are also insufficient. A municipal entity may be held liable under § 1983 only
10 if he alleges facts sufficient to plausibly show he was deprived of a constitutional right by
11 individually identified employees who acted pursuant to the municipality's policy or
12 custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);
13 *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th
14 Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983
15 simply because its employees are alleged to have acted wrongfully. *See Board of Cty.*
16 *Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a
17 municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v.*
18 *Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable
19 "when execution of a government's policy or custom ... inflicts [a constitutional] injury."
20 *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).
21       As currently pleaded, the Court finds Richardson's Complaint also fails to state a
22 claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) because he has failed to allege
23 any facts which "might plausibly suggest" that the County itself violated his
24 constitutional rights with respect to the August 18, 2020 incident at GBDF referenced in
25 his Complaint. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)
26 (applying *Iqbal*'s pleading standards to *Monell* claims).
27 / / /
28 / / /

### E. Racial Discrimination Claims

To the extent Richardson also names A. Apez and Officer H., both identified as San Diego Sheriff's Department Deputies, as Defendants, *see* Compl. at 2, and seeks to hold them liable for "racial discrimination" and "operating outside of normal procedures" with respect to the August 18, 2020 incident, he also fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

While Richardson does not identify the Fourteenth Amendment as the constitutional basis for this claim, the Court liberally construes his allegations as an attempt to invoke his right to equal protection under the law. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (in pro se civil rights cases, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)). In giving liberal interpretation to a pro se complaint, however, the Court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), nor accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). But to state an equal protection claim, Richardson must allege facts to plausibly show Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d

1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (internal citation omitted) (emphasis in original); *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030.

Here, Richardson identifies as one of the Black inmates who were attacked by a group of Hispanic inmates on August 18, 2020. *See* Compl. at 3–4. But he alleges no facts to plausibly suggest either Deputy Apez or Officer H. intentionally took discriminatory action against him *because* he is Black. *See Maynard*, 37 F.3d at 1404; *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Mitchell v. Las Vegas Metropolitan Police Dept., et al.*, No. 2:18-CV-00646-RFB-EJY, 2021 WL 808735, at *5 (D. Nev. Mar. 3, 2021) (finding plaintiff's identification as an "African American" and a "[B]lack man" insufficient by itself to suggest defendants "acted with an intent or purpose to discriminate" against him based on race).

In fact, Richardson includes no "factual content" whatsoever to explain Deputy Apez or Officer H.'s role on the day of the incident or describe their involvement with respect to the attack. *See Iqbal*, 556 U.S. at 678. Nor does he identify either Deputy Apez or Officer H. as members of the "medical staff" he claims denied him medical attention afterward.[2] *See* Compl. at 4; *Iqbal,* 556 U.S. at 676 ("[A] plaintiff must plead that each

---

[2] To the extent Richardson seeks to challenge the sufficiency of his medical care or any individual deputy's failure to protect him as a pretrial detainee, such claims would arise under the Due Process Clause of the Fourteenth Amendment—and not the Equal Protection Clause. *See Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) ("Pretrial detainees alleging that jail officials failed to provide constitutionally adequate medical care must show: '(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

Government-official defendant, through the official's own actions, has violated the Constitution."). "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Richardson must allege facts sufficient to show either the direct or personal participation of each official he seeks to sue in the harm he alleges to have suffered, or some sufficient causal connection between each official's allegedly unconstitutional conduct and his injury. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

### F. Leave to Amend

For the reasons discussed, the Court finds Richardson's Complaint fails to state any § 1983 claim upon which relief can be granted, and dismisses it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. In light of his pro se status, the Court also grants Richardson leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar,* 698 F.3d at 1212).

## III.   Conclusion and Order

Accordingly, the Court:

1. **GRANTS** Richardson's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

///

---

consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.'") (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)); *id.* at 668-69 ("Fourteenth Amendment failure-to-protect claims should be analyzed under an objective framework[.]") (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

2.     **DIRECTS** the Watch Commander of GBDF, and/or any agency having subsequent custody, or their designees, to collect from Richardson's trust account the $4.33 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Newton's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on the Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158.

4.     **DISMISSES** Richardson's Complaint sua sponte and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.     **GRANTS** Richardson 60 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Richardson's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Richardson fails to file an Amended Complaint within 60 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take

advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: March 15, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court